## Commonwealth ex rel. Biehn v. Schoenstadt

*Armin J. R. Frost*, for relator.
*Robert T. Burke*, for respondent.

BODLEY, *J.*, December 13, 1974 — This action of quo warranto challenges the right of respondent to hold the office of school director of the Neshaminy School District on the ground that respondent, on the date of his election, was ineligible for that office. We are obliged to agree.

The Public School Code of March 10, 1949, P.L. 30, art. III, sec. 322, as last amended by the Act of June 16, 1972, P.L. 383 (No. 138), sec. 1, 24 P.S. §3-322, provides in pertinent part that:

"Any citizen of this Commonwealth, having a good moral character, being eighteen (18) years of age or upwards, and having been a resident of the district for at least one (1) year prior to the date of his election or appointment, shall be eligible to the office of school director. . . ."

The undisputed evidence adduced at a hearing held before the undersigned upon the complaint and answer very clearly shows that respondent was not eligible for the office to which he was elected.

The election leading to respondent's receipt of a plurality of the votes cast for the office of school director was held November 6, 1973. Respondent quite candidly acknowledged that, prior to November 15, 1972, neither he nor his wife nor children resided in Bucks County, but rather at 1823 Bergen Street in Philadelphia. Evidence received, including the settlement sheet relating to respondent's sale of his Philadelphia real estate and a copy of the face page of the deed through

which he acquired title to his Bucks County residence, revealed that the title transactions were held on November 15, 1972, less than one year prior to the date of the election. A copy of his voter's registration certificate, through which he registered as a voter in this county on February 28, 1973, includes the sworn statement over respondent's signature that his initial date of residence in his election district was November 15, 1972. Respondent testified that, prior to November 15, 1972, neither he nor his wife nor his children slept at or kept their personal possessions in the Bucks County house purchased on that date. He acknowledged that his personal possessions were actually moved from Philadelphia to his newly acquired Bucks County residence on November 16, 1972.

Respondent explained at the hearing that his original settlement date for the Bucks County property was September 15, 1972, but was delayed due to the builder's default. Further, he testified, before final settlement was made he expended certain funds for, and installed certain equipment in, the home to which he was later to move his family. He also registered his two school-age children in the Neshaminy School District in September 1972 and arranged for them to ride to school from the first day of school forward on the same bus, by way of a "bus pass," which they were to continue to use after their move. This, he explained, was for the purpose of acclimating the children with their soon-to-be neighborhood and in order to acquaint them with the neighborhood children. Additional testimony of respondent included representations that during the first week of November he applied for a change of address upon his driver's license, and that he transferred certain bank accounts from Philadel-

phia to Bucks County prior to the date on which he moved. Obviously, all of these circumstances point merely to preparations for the change of residence and are of no significance.

It is immediately observed that, except for the fortuity which led to the delay of the title transaction to a date following November 6, 1972, respondent would have been in every way eligible for the post of school director to which he was elected and subsequently certified by the board of elections. However, we cannot overlook the fact that residence as a legal qualification for office is synonymous with domicile, meaning the place of a person's permanent residence. And domicile ordinarily means the place where a person in fact lives or has his home; a true, fixed, permanent home and principal establishment to which, whenever he is absent therefrom, he intends to return. While one may have many residences, in law he may have but one domicile and the acquisition of equitable title to real estate certainly cannot be equated to a change of legal residence.

One's domicile or residence in the context of section 322 of The Public School Code is always a conclusion to be determined by both the facts of the matter and the intention of the person. The courts have never accepted the contention that a man's legal residence is wherever he says it is or where he says he intended it to be. "The *fact* of any person's residence for any legal purpose, whether for voting, or for holding office, or for taxation, has never been determined merely by the person's 'say so'. In determining that question the state brushes aside all colorable pretenses and finds the reality behind the guise.": Stabile Registration Case, 348 Pa. 587 (1944). While it is not necessary that we determine whether or not respondent knowingly disregarded

the one-year residency requirement when he circulated and filed his petition for nomination, it is somewhat difficult, under the given facts, to comprehend how any objective observer could conclude that an intelligent person, such as this respondent, given awareness of the residency requirement, could naively assume that the requirement had been met.

Clearly he *intended* to reside in this county some weeks before he actually transferred his residence. But the *fact* is that he continued to reside in Philadelphia until November 16, 1972. He thus established his residence within the school district less than one full year prior to the November 6, 1973 election and hence, he is not qualified to hold the office of school director under that election. While it may be unfortunate that a person so elected by the voters, albeit by a plurality, must now be removed from that office, we have no choice under the clear mandate of the Election Code.

## ORDER

And now, December 13, 1974, the election under which respondent was elected to the office of school director of the Neshaminy School District is declared null and void and is set aside as to him; respondent is hereby removed from that office and the said office of school director is declared to be vacant, the vacancy to be filled in accordance with the provisions of law. Costs of these proceedings are imposed upon respondent.

The prothonotary shall notify counsel for the parties of the date of filing of this decision and order, and, unless exceptions hereto are filed within 20 days after notice of the filing, the prothonotary shall, upon praecipe, enter final judgment on the decision.